O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA ZALDANA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 11-7728 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff filed a Complaint herein on September 26, 2011, seeking review of the Commissioner's denial of her applications for disability insurance and Supplemental Security Income benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on July 9, 2012. Thus, this matter now is ready for decision.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. §

Case 2:11-cv-07728-RNB   Document 23   Filed 08/13/12   Page 2 of 12   Page ID #:455


# DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly determined that plaintiff retained the residual functional capacity ("RFC") to perform medium work.

2. Whether the ALJ properly determined that plaintiff could return to her past work.

3. Whether the ALJ properly considered plaintiff's testimony.

4. Whether the ALJ properly considered third party statements.

# DISCUSSION

As to Disputed Issue Nos. 3 and 4, as discussed hereafter, the Court concurs with plaintiff that the ALJ failed to make a proper adverse credibility determination with respect to plaintiff's subjective pain and symptom testimony and with respect to the lay witness testimony. As to Disputed Issue No. 1, the Court concurs with plaintiff that the ALJ erred in making his determination of plaintiff's RFC. The Court's inability to completely affirm the ALJ's adverse credibility determinations and his determination of plaintiff's RFC renders it unnecessary for the Court to address the second disputed issue raised by plaintiff (i.e., whether the ALJ erred in his vocational determination).

//
//
//
//

---

405(g).

**A.     The ALJ failed to make a proper adverse credibility determination with respect to plaintiff's subjective pain and symptom testimony (Disputed Issue No. 3).**

Disputed Issue No. 3 is directed to the ALJ's adverse credibility determination with respect to plaintiff's subjective pain and symptom testimony. (See Jt Stip at 28-39.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton standard," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

Here, the ALJ found that plaintiff's statements concerning her impairments and their impact on her ability to work – which the ALJ did not specifically describe – were "not entirely credible" in light of the degree of medical treatment required, discrepancies between plaintiff's assertions and information contained in the documentary reports, the reports of the treating and examining practitioners, and the findings made on examination. (See AR 20.)

Preliminarily, the Court notes that the ALJ's adverse credibility determination suffers from two fundamental errors. First, although the ALJ seemingly acknowledged the "two-step process" for evaluating subjective pain and symptom testimony in his decision (see AR 21), nowhere in his decision did the ALJ make an explicit determination with respect to the first step of his credibility analysis (i.e.,

whether plaintiff had presented objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of pain and/or other symptoms). (See AR 20-21.) The Court finds that the ALJ's failure to make this threshold determination, especially in light of the ALJ's finding that plaintiff had several physical impairments, constituted a failure to apply the correct legal standard in assessing plaintiff's subjective pain and symptom testimony. See Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (to determine whether a claimant's subjective symptom testimony is credible, the ALJ must engage in a two-step analysis, the first of which requires determining "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged'") (quoting Bunnell, 947 F.2d at 344); Smolen, 80 F.3d at 1281-82 (first stage of credibility analysis involves threshold determination of whether a claimant produced objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of symptom); see also Craig v. Chater, 76 F.3d 585, 596 (4th Cir. 1996) (reversible error for ALJ to fail to expressly consider threshold question of whether claimant had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain alleged).

Second, nowhere in his decision did the ALJ specifically describe plaintiff's statements, specifically identify which of her statements were not credible, or explain how the evidence undermined her statements. See Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007) ("The ALJ must provide 'clear and convincing' reasons to reject a claimant's subjective testimony, by specifically identifying 'what testimony is not credible and what evidence undermines the claimant's complaints.'") (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)), cert. denied, 552 U.S. 1141 (2008); Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989) ("In order to disbelieve a claim of excess pain, an ALJ must make specific findings justifying that decision."). The Court finds that the ALJ's failure to specifically identify what portions of plaintiff's testimony he

found not credible constituted a failure to apply the correct legal standard in assessing plaintiff's subjective pain and symptom testimony.

Moreover, none of the several "reasons" proffered by the ALJ for generally rejecting plaintiff's subjective pain and symptom testimony constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. First, the ALJ found that plaintiff had not generally received the type of medical treatment one would expect for a totally disabled individual, as the record revealed relatively infrequent trips to the doctor for the allegedly disabling symptoms. (See AR 20.) However, the record included evidence that plaintiff did make frequent trips to the doctor for complaints of pain, sometimes several times per month. (See AR 184-210, 277-335.)

Second, the ALJ found that radiographic studies of plaintiff's left foot had revealed no fracture or malalignment. (See AR 20.) However, plaintiff's claim of disability was based on a diagnosis of left plantar fasciitis (see AR 183, 215, 230), not an impairment evidenced by a fracture or malalignment.

Third, the ALJ found that plaintiff had only taken Ibuprofen for pain relief. (See AR 20.) However, the record included evidence that plaintiff had taken prescription medicine for pain relief in addition to Ibuprofen, specifically Lyrica and Tramadol. (See AR 298, 320, 332-35.)

Fourth, the ALJ found that, although plaintiff had complained of left knee pain and objective findings revealed decreased range of motion of the left knee with mild joint effusion, plaintiff did not need an assistive device to ambulate. (See AR 20.) However, the record does not include any evidence that plaintiff claimed that she needed an assistive device to ambulate.

Fifth, the ALJ found that plaintiff had a history of sinusitis, which was well controlled with prescribed medication. (See AR 20.) The record does include evidence that plaintiff obtained relief for her sinusitis with prescribed medication. (See AR 206, 208, 210.) However, the Court finds that evidence of plaintiff's

improvement in this relatively minor condition does not constitute a "clear and convincing" reason for discrediting plaintiff's complaints about her more serious impairments (i.e., her arthritis, left plantar fasciitis, and depression).

Sixth, the ALJ found that plaintiff's description of her daily activities indicated that they were not limited to the extent one would expect given her complaints of disabling symptoms and limitations, and indicated that despite plaintiff's unremitting pain, she performed a full range of activities of daily living. (See AR 20.) However, plaintiff testified that her daily activities included shopping with her daughter, washing some dishes, and cleaning "a little bit," as long as she did not bend over. (See AR 39, 43.) Moreover, in a Function Report, plaintiff described her daily activities as picking up around the house, taking small walks, lying down, listening to music, preparing food 2-3 times per week, some shopping, listening to the radio, and reading the Bible. (See AR 128, 130-32.) The Court fails to see how plaintiff's description of her daily activities evidenced an ability to perform appropriate work activities on an ongoing and daily basis.[2] See Fair, 885 F.2d at 603 ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."); see also Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987); Vidal v. Harris, 637 F.2d 710, 713 (9th Cir. 1981); Smith v. Califano, 637 F.2d 968, 971 (3d Cir. 1981).

Seventh, the ALJ found that plaintiff had not been prescribed narcotic or strong prescription pain medication. (See AR 20.) However, the record belied this finding in that it contained evidence that plaintiff in fact had been prescribed such

---

[2] The Commissioner defines "regular and continuing basis" as meaning "8 hours a day, for 5 days a week." See Social Security Ruling ("SSR") 98-6p.

pain medication (i.e., Lyrica and Tramadol). (See AR 298, 320, 332-35.)

Finally, the ALJ found that plaintiff's appearance and demeanor at the hearing made her "not fully credible" and accordingly gave little weight to her testimony and statements. (See AR 20.) However, the ALJ failed to specifically describe plaintiff's appearance and demeanor at the hearing or explain how they rendered her not fully credible. Even if the ALJ had done so, given the legal insufficiency of the ALJ's other proferred reasons to reject plaintiff's subjective symptom testimony, the ALJ's personal observations of plaintiff at the hearing was not a legally insufficient reason in itself to reject her testimony. See Orn v. Astrue, 495 F.3d 625, 639-40 (9th Cir. 2007) ("The ALJ's observations of a claimant's functioning may not form the sole basis for discrediting a person's testimony. . . . Because the ALJ's other reasons for rejecting [plaintiff]'s testimony fail, the ALJ's personal observations standing alone cannot support the adverse credibility finding.").

**B.   The ALJ failed to make a proper adverse credibility determination with respect to the lay witness testimony (Disputed Issue No. 4).**

Disputed Issue No. 4 is directed to the ALJ's rejection of the written statement(s) of plaintiff's daughter, Heidi Castaneda. (See Jt Stip at 39-43.)

In a third party function report, Ms. Castaneda wrote that plaintiff had problems with functioning that limited her to lying in bed, staying home, preparing meals 2-3 times per week, minimal cleaning, shopping for clothes when needed, grocery shopping once per week, going to church, listening to the radio, and limited visitation with her grandchildren. (See AR 136-43.)

The law is well-established in this Circuit that lay witness testimony as to how a claimant's symptoms affect the claimant's ability to work is competent evidence and cannot be disregarded without providing specific reasons germane to the testimony rejected. See, e.g., Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); Smolen, 80 F.3d at 1288-89; Dodrill,

12 F.3d at 919. Here, the ALJ did not actually provide a reason for not fully crediting Ms. Castaneda's testimony. Rather, he briefly described it and concluded that, "I give limited weight to this statement." (See AR 20.)

Although the Commissioner argues that the ALJ's rejection of Castaneda's statement was proper because the statement was inconsistent with the record (see Jt Stip at 42), the ALJ did not rely on this reason, so the Court is unable to consider it. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health and Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991). The Commissioner further argues that the ALJ provided germane reasons because Castaneda's statement "essentially parroted" plaintiff's testimony, which was properly rejected (see Jt Stip at 42), but, as discussed above, the ALJ did not provide legally sufficient reasons to reject plaintiff's testimony, nor did Ms. Castaneda merely "parrot" plaintiff's testimony. See Dodrill, 12 F.3d at 919 ("That the ALJ dismissed all the lay witness testimony solely because he found the claimant was not credible suggests he may have been under the mistaken impression that lay witnesses can never make independent observations of the claimant's pain and other symptoms.").

**C.   The ALJ erred in making his determination of plaintiff's residual functional capacity ("RFC") (Disputed Issue No. 1).**

Disputed Issue No. 1 is directed to the ALJ's RFC assessment of plaintiff for a full range of medium level work. (See Jt Stip at 6-24.)

Preliminarily, the Court notes that Disputed Issue No. 1 encompasses plaintiff's arguments in Disputed Issue Nos. 3 and 4, which are directed to the ALJ's adverse credibility determination and rejection of the lay witness statement. (See Jt Stip at 7-8.) To the extent that the ALJ's RFC assessment implicitly was based, at least in part, on his improper credibility determinations with respect to plaintiff's subjective symptom testimony and Ms. Castaneda's lay witness statement, it follows from the Court's findings above with respect to those adverse credibility determinations that

the Court cannot affirm the ALJ's RFC assessment.

Plaintiff further claims in Disputed Issue No. 1 that the ALJ's RFC assessment was improper because it failed to account for the reports of certain unspecified medical sources (see Jt Stip at 9) and because it relied on the ALJ's erroneous finding that plaintiff's depression was a "non-severe" impairment (see Jt Stip at 12).

Although it does appear that the ALJ failed to account for the uncontroverted opinion of the examining physician, Dr. Moazzaz, that plaintiff should be limited to occasionally performing certain activities, such as climbing, stooping, kneeling, and crouching (see AR 230), the Court concurs with the Commissioner that this error was harmless because such limitations would not preclude plaintiff from returning to her past jobs as a housekeeper and packager. (See Jt Stip at 16.)

However, the Court concurs with plaintiff that the ALJ erred in finding at Step Two of the Commissioner's sequential evaluation process that plaintiff's depression did not amount to a legally severe impairment. A psychiatric impairment may be found "not severe" at Step Two only where the impairment "has no more than a minimal effect" on the claimant's mental ability to perform basic work activities. See 20 C.F.R. § 416.921(a). If a finding of non-severity is not "clearly established by medical evidence," adjudication must continue through the sequential evaluation process. See SSR 96-3p; see also Yuckert v. Bowen, 841 F.2d 303, 306-07 (9th Cir. 1988); McDonald v. Secretary of Heath & Human Svcs., 795 F.2d 1118, 1124-25 (1st Cir. 1986). Here, in finding that plaintiff's depression was a non-severe impairment, the ALJ implicitly rejected (1) the uncontroverted opinion of the examining psychiatrist, Dr. Javaherian, that plaintiff had a moderate impairment in her ability to maintain focus and concentration and a Global Assessment of Functioning ("GAF") score of 60[3] (see AR 222); and (2) the uncontroverted opinion of the state agency

---

[3] A GAF score of 60 is indicative of "[m]oderate symptoms *(e.g., flat affect and circumstantial speech, occasional panic attacks)* or moderate difficulty in

9

psychiatrist, Dr. Dudley, that plaintiff had a moderate limitation in maintaining concentration, persistence, and pace (see AR 242) and a moderate limitation in her ability to maintain attention and concentration for extended periods (see AR 245). The Court is unable to reconcile the ALJ's non-severity finding with the foregoing opinions. Moreover, to the extent that the ALJ implicitly rejected the opinions of Drs. Javaherian and Dudley, it was incumbent upon the ALJ to state his reasons for doing so.[4] The Court's inability to affirm the ALJ's Step Two determination that plaintiff did not suffer from a severe mental impairment is another reason why the Court is unable to affirm the ALJ's RFC assessment.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at

---

social, occupational, or school functioning *(e.g., few friends, conflicts with peers or co-workers)*." By way of contrast, the GAF range for "absent or minimal symptoms" is 81-90, the GAF range for "no more than slight impairment in social, occupational, or school functioning" is 71-80, and the range for "mild symptoms" is 61-70. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed.).

[4] The law is well established in this Circuit that to reject the uncontroverted opinion of a treating physician, an ALJ must provide "clear and convincing" reasons. See Lester, 81 F.3d at 830; Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). The same rule applies to the uncontroverted opinion of an examining doctor. See Regennitter v. Commissioner, 166 F.3d 1294, 1298-99 (9th Cir. 1999); Lester, 81 F.3d at 830-31. Moreover, an ALJ is required to consider as opinion evidence the findings of a state agency physician and also required to explain in his decision the weight given to such an opinion. See Sawyer v. Astrue, 303 Fed. Appx. 453, 455 (9th Cir. 2008); 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i); SSR 96-6p.

603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Weighing in favor of a remand for further administrative proceedings here is the fact that this is not an instance where no useful purpose would be served by further administrative proceedings. Rather, additional administrative proceedings conceivably could remedy the defects in the ALJ's decision.

The Court is mindful of Ninth Circuit case authority holding that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000)[5]; Smolen, 80 F.3d at 1292; Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988). Under the foregoing case authority, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make

---

[5] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

specific findings regarding that testimony. This rule applies not only to a claimant's improperly discredited excess pain and other subjective symptom testimony, but also to lay witnesses' improperly discredited testimony, and to improperly discredited opinions of a treating or examining physician. However, in Connett, 340 F.3d at 876, the panel held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit. There, the Ninth Circuit remanded for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true. See id.

Based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[6]

DATED: August 13, 2012

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[6]  It is not the Court's intent to limit the scope of the remand.